UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ADRIAN LAMAR BRINSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV423-039 |
| OFFICER STRICKLAND, and BRITTANY BEARD, | ) ) ) ) |
| Defendants. | ) |

## ORDER AND REPORT AND RECOMMENDATION

After screening, the Court approved for service *pro se* plaintiff Adrian Lamar Brinson's claim that Defendants Strickland and Beard violated his Eighth Amendment rights by soliciting another prisoner to attack him. *See* doc. 6 at 9. After clarifying his claims, *see* docs. 25 & 27, Defendants moved to dismiss, docs. 29 & 30. Brinson filed an untimely response, doc. 32, to which Defendants replied, without challenging its untimeliness, *see* docs. 35 & 36. The motions to dismiss are, therefore, ripe for disposition. Before reaching those motions, however, the Court must first address Brinson's Motion for Default, doc. 37, and Motion to Appoint Counsel, doc. 38, to which no response has been filed, *see, e.g.*, S.D. Ga. L. Civ. R. 7.5.

1

The Court has previously denied Brinson's requests for appointed counsel. *See* doc. 15 at 5-7. The instant Motion fares no better.[1] Brinson has no constitutional right to counsel in this civil case. *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Id.* (citing *Bass*, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl*

---

[1] Brinson's Motion suggests that staff at the prison where he was recently incarcerated were retaliating for his filing lawsuits and grievances. *See* doc. 38. He contends that the retaliation has taken the form of cancelling his scheduled visits to the law library. *Id.* He also alleges that he is subjected to other retaliatory conduct. *Id.* at 3-4. Those allegations are not properly before the Court. To the extent he alleges that they occurred at Central State Prison in Macon, Georgia, the proper venue for any such claims would be the Middle District of Georgia. *See* 28 U.S.C. § 90(b)(2). Moreover, Brinson has notified the Clerk that he has been transferred to Johnson State Prison. *See* doc. 39 at 1. There is no indication that any of the alleged retaliatory conduct, or difficulty accessing legal materials, has continued after his transfer. Those allegations, therefore, do not factor in the Court's analysis of the instant Motion.

*v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).  "[T]his Court has repeatedly found that prisoners do not receive special consideration [for appointed counsel] notwithstanding the challenges of litigation in a case while incarcerated." *Holzclaw v. Milton*, 2019 WL 1474398, at * 1 (S.D. Ga. Apr. 3, 2019) (internal quotation marks and citation omitted); *see also Bell v. Lamb*, 2021 WL 1954739, at * 3 (S.D. Ga. Mar. 30, 2021).  General lack of education, including legal education, is also not a sufficient basis to require appointment of counsel.  *See, e.g., Brown v. Wilcher*, 2021 WL 411508, at *1 (S.D. Ga. Feb. 5, 2021).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)).  Brinson's pleadings are clear and cogent, and there is no indication that he has any difficulty presenting "the essential merits" of his claims to the Court. Moreover, as discussed below, this case should be dismissed as Brinson failed to exhaust administrative remedies, as required under the Prison

Litigation Reform Act. To the extent that his request for counsel relies on asserted difficulties in developing the factual record or trying this case, those arguments are moot, given his failure to exhaust. *See* doc. 38 at 1, 3. There is, therefore, no indication of any "exceptional circumstance" that warrants appointment of counsel. *Fowler*, 899 F.2d at 1096. Brinson's Motion is, therefore, **DENIED**. Doc. 38.

Brinson has also filed a document titled "Request for Default." Doc. 37. After reiterating the substance of his claims, he asserts that Defendant Strickland has "failed to answer the complaint plead or defend [sic]." *Id.* at 3. The Court has previously addressed the confusions related to the defendants' respective deadline to file responsive pleadings. *See* doc. 23 at 1-2. In order to permit Brinson to clarify his pleading, and to provide defendants with an opportunity to respond to that clarification, the Court stayed the deadlines for their responsive pleadings. *See id.* at 3. Upon Brinson's compliance with the Court's instructions, the stay was lifted and defendants were directed to respond by October 19, 2023. *See* doc. 28. Both Beard and Strickland filed their respective motions to dismiss on October 19, 2023. *See* docs. 29 & 30.

By operation of the Federal Rules, the filing a motion to dismiss tolls the deadlines to file an answer. *See* Fed. R. Civ. P. 12(a)(4). As the Eleventh Circuit has explained, the filing of a motion to dismiss "alters the time in which an answer is due until after the district court denies the motion or postpones its disposition. [Cit.] Because the defendants filed a motion to dismiss . . . the defendants were not required to file an answer until the district court disposed of their motion." *Lockwood v. Beasley*, 211 F. App'x 873, 876 (11th Cir. 2006). Courts have recognized that motions to dismiss for failure to exhaust administrative remedies toll a defendant's deadline to answer, pursuant to Rule 12(a)(4). *See Morgan v. Beightler*, 2011 WL 2111082, at *2 (N.D. Ohio May 26, 2011) *see also Bryant v. Rich*, 530 F.3d 1368, 1375-76 (11th Cir. 2008) (motions seeking dismissal for a failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a), "should be decided on a Rule 12(b) motion to dismiss," and are "subject to the rules and practices applicable to" such motions). Under such circumstances, motions for entry of default are properly denied. *Lockwood*, 201 F. App'x at 876. His Motion is, therefore, **DENIED**. Doc. 37; *see, e.g., Franklin v. Parnell*, 461 F. App'x 823, 825 n. 2 (11th Cir. 2011) ("The magistrate judge had authority

5

to deny [plaintiff's] motion for default judgment." (citing 28 U.S.C. § 636(b)(1)(A)).

Having resolved Brinson's Motions, the Court proceeds to address Defendants' Motions to Dismiss. Docs. 29 & 30. The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of available remedies is mandatory; "[a]nd that mandatory language means a court may not excuse a failure to exhaust, even to take [special] circumstances into account." *Ross v. Blake*, 578 U.S. 632, 639 (2016). The statute's plain language "means that until such administrative remedies as are available are exhausted, a prisoner is precluded from filing suit in federal court." *Leal v. Georgia Dept. of Corrs.*, 254 F.3d 1276, 1279 (11th Cir. 2001) (internal quotation marks and citation omitted). "To exhaust administrative remedies in accordance with the PLRA, prisoners must *properly* take each step within the administrative process." *Bryant*, 530 at 1378 (emphasis added) (internal quotation marks and citation omitted); *see also Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (holding "that

proper exhaustion of administrative remedies is necessary," to satisfy the PLRA). "Where exhaustion . . . is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits [of the underlying claims] and the parties have sufficient opportunity to develop a record." *Bryant,* 530 F.3d at 1376.

When a defendant files a motion to dismiss based on a prisoner's failure to exhaust administrative remedies, the Court follows a two-step process. *See Turner v. Burnside*, 541 F.3d 1077, 1082-83 (11th Cir. 2008). As the Eleventh Circuit has explained:

> First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. [Cit.] . . . If the complaint is not subject to dismissal at the first step, . . ., the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. [Cit.] The defendants bear the burden of proving plaintiff has failed to exhaust his administrative remedies.

*Id.* at 1082 (citations omitted). "[O]nce [the defendant's] burden has been met, the burden of going forward shifts to the plaintiff, who . . . must

demonstrate that the grievance procedure was 'subjectively' and 'objectively' unavailable to him." *Geter v. Baldwin State Prison*, 974 F.3d 1348, 1356 (11th Cir. 2020).

There is no dispute that there was a grievance procedure available at Coastal State Prison, where the alleged assault at issue occurred. *See* doc. 27 at 10, doc. 29-1 at 4-5, doc. 30 at 5; *see also* docs. 29-2 & 29-3. There is also no dispute that Brinson filed a grievance alleging that Beard and Strickland were involved in the assault that Brinson suffered in November 2022. *See* doc. 29-1 at 5; *see also* doc. 29-5 at 6-8, doc. 30 at 5. The grievance was rejected as substantively meritless and procedurally defective, for including more pages than permitted. *See* doc. 29-1 at 5; *see also* doc. 29-5 at 1-2. Brinson appealed the Warden's decision. *See* doc. 29-1 at 5; *see also* doc. 29-5 at 5. The appeal was denied, concluding that the original grievance was procedurally defective for including additional pages. *See* doc. 29-1 at 5-6; *see also* doc. 29-5 at 13. Brinson's response does not dispute the evidence of his grievance, but merely asserts that a plaintiff need not plead administrative exhaustion to state a claim. *See* doc. 32 at 3-4. To the extent that he addresses the substance of the Defendants' argument at all, he merely asserts,

8

somewhat confusingly, "a grievance is denied or reject if he / she appeals to the highest level then Administrative Remedies have been exhausted." *Id.* at 3-4.

Based on the parties' arguments, therefore, there is no dispute concerning the facts of Brinson's attempt to exhaust available administrative remedies. The only dispute is whether his efforts were sufficient to satisfy the PLRA's requirement. As Defendants correctly point out, they were not. *See* doc. 29-1 at 6; doc. 30 at 5-6. While the Warden's rejection of Brinson's grievance addressed both the merits of his claim and the procedural defect of including too many pages, the appellate decision was explicitly limited to the procedural defect. *Compare* doc. 29-5 at 2 (noting "camera footage was reviewed and handle accordingly to policy and procedures [sic]"), *with id.* at 13 ("This review revealed that you failed to follow proper grievance procedures. . . . Based on this information, the grievance is denied.").

The Supreme Court has made it abundantly clear that "the PLRA exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93. "To satisfy the exhaustion requirement, a prisoner must complete the administrative process in accordance with the applicable

9

grievance procedures set by the prison. [Cit.] . . . Procedurally defective grievances or appeals are not adequate to exhaust." *Abram v. Leu*, 848 F. App'x 868, 869 (11th Cir. 2021). While a prison may waive procedural defects by deciding a grievance on its merits, despite its procedural impropriety, *see, e.g., Whatley v. Warden, Ware State Prison*, 802 F.3d 1205, 1215 (11th Cir. 2015) ("[A] prisoner has exhausted his administrative remedies when prison officials decide a procedurally flawed grievance on the merits."), "a prison does not waive a procedural defect unless and until it decides the procedurally flawed grievance on the merits at the last available stage of administrative review," *Whatley v. Smith*, 898 F.3d 1072, 1083 (11th Cir. 2018). "[T]hat means that the response that matters . . . is the response," to the appeal. *Id.* at 1083-84. To avoid waiver, the decision on the last available administrative review must "*explicitly* rely on the grievance's procedural shortcomings as[, at least,] an adequate and independent ground for denying the grievance at the administrative level." *Id.* That is precisely what the denial of Brinson's appeal did. Doc. 29-5 at 13.

While *Ross* unequivocally rejected any circumstantial exception to the PLRA's exhaustion requirement, it also recognized that the

10

requirement "hinges on the 'availability' of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." 578 U.S. at 642 (alterations omitted). A remedy is "available" when it is "capable of use to obtain some relief for the action complained of." *Id.* (internal quotation marks and citation omitted). "[A] proper [exhaustion] analysis after *Ross* requires the plaintiff to allege a grievance procedure is unavailable to him in response to the defendant's affirmative defense of failure to exhaust." *Geter*, 974 F.3d at 1356. Brinson does not contend that the grievance procedure was unavailable. *See generally* doc. 32.

In conclusion, the Court will address Brinson's contention that his Complaint should not be dismissed because it adequately pleads exhaustion. *See* doc. 32 at 3 (citing *Jones v. Bock*, 549 U.S. 199, 211-12, 216 (2007)). While it is true that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion *in their complaints*," *Jones*, 549 U.S. at 216 (emphasis added), nevertheless, such a defense is treated as a matter in abatement and properly resolved on a motion to dismiss, *Bryant*, 530 F.3d at 1375-76, subject to a "process . . . analogous to judgment on the

11

pleadings . . . ," *Turner*, 541 F.3d 1082. There is, therefore, no question that Defendants' motions seeking dismissal on exhaustion grounds are procedurally proper, regardless of the sufficiency of Brinson's Complaint, under Rule 8. *Cf.* doc. 32 at 4.

In summary, Brinson's requests for appointed counsel and "default" are **DENIED**. Docs. 37 & 38. Defendants' Motions to Dismiss should be **GRANTED,** because Brinson failed to exhaust available administrative remedies. Docs. 29 & 30. Brinson's Amended Complaint, doc. 27, should, therefore, be **DISMISSED without prejudice**. *See, e.g., Brown v. Georgia Dept. of Corrs.*, 2023 WL 5529686, at *1 (11th Cir. Aug. 28, 2023) (affirming dismissal without prejudice for failure to exhaust administrative remedies). Since the Amended Complaint superseded all of Brinson's prior pleadings, and only includes his claim against Defendants Beard and Strickland, *see generally* doc. 27, any other claim against any other party asserted in prior pleadings should be **DISMISSED** as abandoned. *See Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, an amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's

averments against his adversary." (internal quotation marks, alterations, and citation omitted)). Any such claim or party should, therefore, also be **DISMISSED**.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 22nd day of March, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA